UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL TRACHMAN, *Pro Se,* | ) | Case No.: 4:08 CV 1426 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| ANTHONY SALSBURY, *et al.,* | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Plaintiff Daniel Trachman ("Plaintiff" or "Trachman"), *pro se*, brings the instant action against the following Defendants: Special Agents Anthony Salsbury and Deana Castoro; Michael Kim of the United States Department of Homeland Security ("DHS") or Immigration and Customs Enforcement ("ICE"); Greg Andres, Assistant United States Attorney; and Benton Campbell, United States Attorney for the Eastern District of New York (collectively, "Defendants"). Pending before the court is Defendants' Motion to Dismiss (ECF No. 12) and Plaintiff's Motion for the Court to Consider Additional Points of Law and Motion to Grant an Extension of Time (ECF No. 14). The parties held a Case Management Conference on October 28, 2008, at 10:00 a.m. As noted by Plaintiff at this conference, his Motion also serves as an opposition to Defendants' Motion to Dismiss. For the following reasons, this court grants Defendants' Motion to Dismiss (ECF No. 12) and Plaintiff's Motion for the Court to Consider Additional Points of Law and Motion to Grant an Extension of Time (ECF No. 14.)

## I. FACTUAL BACKGROUND

Plaintiff alleges that Defendants violated his rights under the Crime Victims Rights Act, 18 U.S.C. § 3771, by Defendants' alleged failure to fulfill promises that they made in consideration for his participation as a confidential informant. (Compl. ¶¶ 1, 3.) Plaintiff also alleges that Defendants breached a verbal and written communication with him as a Customs informant, in violation of 19 U.S.C. § 1619, and that he is owed $100,000 in damages for his participation. (Compl. ¶ 2.)

## II. STANDARD FOR DISMISSAL

The court examines the legal sufficiency of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court has recently clarified what the plaintiff must plead in order to survive a Rule 12(b)(6) motion in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Additionally, even though a Complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*

The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting

a Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## III.  LAW AND ANALYSIS

### A. Plaintiff's Motion for the Court to Consider Additional Points of Law and Motion for Extension of Time

Plaintiff requested that this court consider additional points of law and extend the time for him to file this opposition. The court will consider these additional arguments to the extent that they are in conformity with his original Complaint. Plaintiff cannot, at this time, amend his complaint to assert additional causes of action against Defendants without first moving to amend his Complaint. *See* Fed. R. of Civ. P. 15(a)(2). To the extent that Plaintiff asserts arguments to support the causes of action that he raised in his Complaint, the court grants Plaintiff's Motion.

### B. Defendants' Motion to Dismiss

Defendants argue that Plaintiff's Complaint should be dismissed. First, Defendants argue that they are immune from suit under the doctrine of sovereign immunity. At the Case Management Conference, Defendants noted, to which Plaintiff did not dispute, that Plaintiff failed to serve Defendants individually. Because Plaintiff's Complaint did not specify whether Defendants were being sued in their official or individual capacity and Plaintiff failed to individually serve Defendants, the court presumes that Defendants are being sued in their official capacity only. *See Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (noting that plaintiffs must clearly notify defendants and the court of individual liability through the pleadings or course of proceedings). Thus, to the extent that Plaintiff seeks damages against Defendants in their official capacity, Defendants are correct that such claim is barred under the doctrine of sovereign immunity. *See Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007)

-3-

(holding that a suit against a federal official in his official capacity is barred by sovereign immunity absent express waiver); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988).

Second, Defendants argue that Plaintiff's Complaint should be dismissed because there is no private right of action under the Crime Victims Rights Act, 18 U.S.C. § 3771. The court finds that this argument is well-taken. The statute specifically states that, "nothing in this chapter shall be construed to authorize a cause of action for damages . . ." 18 U.S.C. § 3771(d)(6). Thus, the court dismisses Plaintiff's Complaint to the extent that it asserts a cause of action under this statute.

Third, Defendants argue that Plaintiff's claim under 19 U.S.C. § 1619 also fails because this court lacks subject matter jurisdiction over this claim. The court in *Doe v. United States*, 100 F.3d 1576, 1583-84 (Fed. Cir. 1996), held that the Court of Federal Claims retains subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491, for monetary claims by Customs informants pursuant to Customs laws under 19 U.S.C. § 1619. Thus, to the extent that Plaintiff has a claim under this provision for $100,000, this court lacks subject matter jurisdiction over the claim, and such a claim should be filed with the U.S. Court of Federal Claims.

## IV. CONCLUSION

For the foregoing reasons, the court grants Plaintiff's Motion for the Court to Consider Additional Points of Law and Motion for an Extension of Time (ECF No. 14), and Defendants' Motion to Dismiss (ECF No. 12).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 28, 2008